IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILMA KAY WILSON, | ) | |
| BILLY GERALD WILSON, AND | ) | |
| WILLIAM HOMER AMONETT, | ) | |
| | ) | Civil Action No. 3:10-CV-0724 |
| Plaintiffs, | ) | |
| | ) | Judge Nixon |
| v. | ) | Magistrate Knowles |
| | ) | |
| SUMMIT PRIMARY CARE, PLLC, | ) | |
| AND EDWARD L. KING, M.D., | ) | |
| | ) | |
| Defendants | ) | |

## INITIAL CASE MANAGEMENT ORDER

The parties hereby jointly submit this Proposed Initial Case Management Order pursuant to Local rule 16.01.

**I. JURISDICTION AND VENUE**

Plaintiffs alleged subject matter jurisdiction pursuant to 28 U.S.C §§ 1331 and 1343 for claims arising under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. and that venue is proper under 28 U.S.C. § 1391. Defendants do not dispute jurisdiction and the appropriateness of venue in this Court.

**II. STATUS OF SERVICE OF PROCESS AND RESPONSIVE PLEADINGS**

　**A.** **Service of Process**

Defendants Summit Primary Care, PLLC and Edward L. King, M.D. were served with the initial Complaint via certified mail on August 2, 2010.

　**B.** **Responsive Pleadings**

　1. Plaintiffs filed initial Complaint on July 30, 2010.

　2. By agreement of the parties and order of this Court entered on September 7, 2010

(Docket No. 12), the period for Defendants to answer or otherwise respond to the Complaint has been extended pursuant to settlement negotiations, with a date to be set during the Case Management Conference on September 27, 2010.

3. In the event this matter has not reached settlement, Defendants shall file their respective answers or responses to the Complaint on or before October 31, 2010.

## III. THEORIES OF THE PARTIES

### A. Plaintiffs' Theory:

Plaintiffs are all members of the same family and reside in Nashville, Tennessee. All Plaintiffs are deaf. In addition to deafness, Plaintiff Wilma Wilson also has a vision disability. In addition to deafness, Plaintiff William Amonett also has vision and intellectual disabilities. Until approximately February 2010, Plaintiff William Amonett received medical care at Summit Primary Care from Defendant King. On visits to Summit Primary Care, Plaintiffs Wilma Wilson and Billy Wilson accompanied Plaintiff Amonett as Plaintiff Amonett's family members and holders of durable powers of attorney regarding Plaintiff Amonett's healthcare. Defendants terminated Plaintiff Amonett from medical care at Summit Primary effective March 5, 2010 "due to the need to interact through an interpreter" during Plaintiff Amonett's office visits. This termination was conveyed to Plaintiffs by a letter dated February 5, 2010. In addition, Defendants failed to ensure that a qualified sign language interpreter would be present for Plaintiff Amonett's final appointment with Defendant King at Summit Primary Care scheduled on February 26, 2010. By terminating Plaintiff Amonett from services "due to the need to interact through an interpreter" and failing to ensure that a qualified sign language interpreter was available for Plaintiff Amonett's February 26, 2010 appointment, Defendants have discriminated against all Plaintiffs on the basis on their disability in violation of the Americans

2

with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. Plaintiffs intend to return to Defendant King at Summit Primary Care for Plaintiff Amonett's treatment in the event Defendants cease discriminating against them on the basis of disability.

    **B.**     **Defendants' Theory:**

Defendants preserve all challenges to the Complaint and will more fully respond on or before the deadline set by the Court for responding. Without responding to or answering the Complaint, Defendants have informed Plaintiffs that Mr. Amonett may seek care from Summit Primary Care, PLLC and from Dr. King and that Defendants are in compliance with the ADA.

**IV.**     **ISSUE IN DISPUTE**

Whether Defendants are liable to Plaintiffs for violations of the ADA due to Defendants' conduct as discussed in the Complaint.

**V.**     **CURRENT STATUS OF CASE**

Plaintiffs and Defendants have presented settlement offers to each other and have made substantial progress toward resolving all issues between them.

**VI.**     **INITIAL DISCLOSURES AND DISCOVERY**

    **A.**     **Partial stay of discovery**

Discovery shall be stayed until October 31, 2010.

    **B.**     **Initial disclosures pursuant to Rule 26(a)(1)**

The parties shall make their Rule 26 initial disclosures by November 30, 2010.

    **C.**     **Staging of discovery**

All discovery shall be completed on or before Friday, July 15, 2011. All written discovery shall be submitted in sufficient time so that the response shall be in hand by Friday, July 15, 2011. All discovery related motions shall be filed on or before Monday,

3

Case 3:10-cv-00724 Document 14 Filed 09/29/10 Page 3 of 5 PageID #: 59

August 8, 2011. No motions related to discovery shall be filed until after the parties have conferred in good faith and are unable to resolve their differences.

### D. Interrogatories

Interrogatories pursuant to FRCP 33 and Local Rule 33.01 shall be limited to twenty five (25), unless leave of Court is first obtained to submit additional interrogatories.

### E. HIPAA Protected Health Information

Plaintiffs waive and release any requirements, restrictions or prohibitions under HIPAA regarding the access, use, or disclosure of Mr. Amonett's protected health information (PHI) in these proceedings which is relevant to this case, except that all documents containing his social security number shall be redacted so that the number is not disclosed. Plaintiffs agree during the course of these proceedings not to seek disclosure of PHI belonging to other persons. The parties will agree to cooperate with respect to any protective orders that may be sought for the protection of PHI and/or confidential information.

## VII. DISPOSITIVE MOTIONS

All dispositive motions shall be filed on or before Friday, August 26, 2011, and any response thereto shall be filed on or before Thursday September 15, 2011. Any reply shall be filed on or beforeThursday, September, 29, 2011. If dispositive motions are filed in advance of the deadlines specified within this section, responses will be within 21 days of the motion and replies will be due within 14 days of the response. The motion and response memoranda are limited to 25 pages and any reply filed must be limited to ten pages. Longer pleadings are only permitted with the permission of the Court.

4

Case 3:10-cv-00724  Document 14  Filed 09/29/10  Page 4 of 5 PageID #: 60

## VIII. OTHER DEADLINES:

### A. Motions to amend the pleadings or join parties

The deadline for filing Motions to Amend the Pleadings is January 27, 2011.

.

.

.

### B. Identification of Expert Witnesses

On or before Monday, February 28, 2011, the parties shall disclose to each other (not file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B). Any supplements to expert reports shall be disclosed by no later than the deadline for pretrial disclosures.

## IX. Target Trial Date

As determined at the case management conference on September 27, 2010, the date for this action is set for trial beginning Tuesday, January 17, 2012, at 9:00 a.m. The date for the pretrial conference shall be January 6, 2012, at 10:00 a.m.

It is so **ORDERED**.

E. Clifton Knowles
United States Magistrate Judge